IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50216
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE DOMINIQUE KING,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CR-49-1
- - - - - - - - - -
October 22, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Terrance Dominique King appeals the district court's denial
of his motion to suppress and his sentence.  King argues that the
unannounced entry of the police into the motel room violated the
Fourth Amendment.  However, the district court found the
following exigent circumstances: (1) danger of destruction of
evidence due to the proximity of the bathroom in a motel room and
the fact that the drug was crack cocaine without any indicaton
that the drugs were in a large enough quantity that they could

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not be easily disposed of, (2) danger of escape because one suspect had fled from the police in the past, (3) greater danger than in the single dwelling setting to innocent citizens frequenting the motel or in nearby rooms, and (4) the information that King had posted a lookout and the fact that the police were dressed distinctively in raid gear increased each of the first three dangers in this situation.  These exigent circumstances support a reasonable suspicion that knocking and announcing would have been futile and allowed escape or destruction of evidence and therefore justified the failure to knock and announce.  See Richards v. Wisconsin, 117 S. Ct. 1416, 1421-22 (1997).

King also argues that the district court erred in assessing criminal history points for three separate offenses for which he was arrested on the same day and which he contends were part of a common scheme or plan.  The convictions were not related within the meaning of the sentencing guidelines.  See United States v. Ford, 996 F.2d 83, 85-86 (5th Cir. 1993).

AFFIRMED.